**CITY OF MINOT, Plaintiff and Appellant,**

**v.**

**Sylvan HUBRIG, Defendant and Respondent.**

**No. 7875.**

Supreme Court of North Dakota.

June 20, 1961.

Bosard, McCutcheon & Coyne, Minot, for plaintiff and appellant.

Walter O. Burk, Williston, for defendant and respondent.

BURKE, Judge.

Defendant was found guilty in police magistrate's court of violating an Ordinance of the City of Minot, regulating the speed of motor vehicles, within the city limits. An appeal was taken to the district court and upon a trial thereof, the trial judge, at the close of the city's case, ordered a dismissal of the action. Judgment was entered in accordance with the trial judge's order and the city has appealed from the judgment.

■ The facts are not in dispute. It is conceded that the defendant on August 27, 1959, was driving a motor vehicle at a speed of 40 miles an hour in a zone, in which the city's ordinance of June 22, 1959, had fixed a speed limit of 30 miles an hour. It is also conceded that, at the place and time, with the then prevailing traffic conditions, the speed at which the defendant was driving was not unsafe.

It was the trial judge's view that, subsequent to July 1, 1959, under a statute effective on that date, a city ordinance regulating the speed of motor vehicles, could only be effective to prescribe a penalty for driving at a speed which was unsafe and to fix a speed limit under 65 miles an hour which should be only presumptively unsafe. He found that the presumption that the defendant's speed was unsafe had been completely rebutted by

the city's witnesses and therefore dismissed the action.

The principal issue on the appeal, is whether the trial judge's holding in this respect was correct. Our decision must rest entirely upon a construction of controlling statutes.

The statutes regulating the speeds of motor vehicles are Sections 39–09–01 and 39–09–02, NDCC.

Section 39–09–01 reads:

"Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface, and width of the highway and any other conditions then existing. No person shall drive any vehicle upon a highway at a speed to endanger the life, limb, or property of any person."

Section 39–09–02 reads:

"a. Subject to the provisions of section 39–09–01 and except in those instances where a lower speed is specified in this chapter, it presumably shall be lawful for the driver of a vehicle to drive the same at a speed not exceeding:

"1. * * *

"2. * * *

"3. * * *

"4. * * *

"5. Twenty-five miles an hour on any highway in a business district or in a residence district or in a public park, unless a different speed limit is designated and posted by local authorities; and

"6. Fifty-five miles and hour under other circumstances, unless otherwise permitted, restricted, or required by conditions.

"b. * * *

"c. It shall be unlawful for any person to drive a vehicle upon a highway at a speed that is unsafe or at a speed exceeding sixty-five miles an hour for passenger vehicles or fifty-five miles an hour for trucks. It shall be prima facie unsafe for any person to exceed any highway speed limit prescribed by law or established pursuant to law.

"d. In charging a violation of the provisions of this section, the complaint shall specify the speed at which the defendant is alleged to have driven and the speed which this section prescribes shall be prima facie lawful at the time and place of the alleged offense."

Section 39–09–02 was enacted by the 1959 Legislative Assembly and became effective July 1, 1959, or 9 days after the adoption of the ordinance under which the defendant was charged.

Section 39–09–03, NDCC, provides:

"Local authorities in their respective jurisdictions may set speed limitations greater or less than provided for in section 39–09–02, except that the speed limit shall not be altered on any street when such street has been designated as part of any state highway except by mutual agreement with the state highway commissioner. Local authorities shall place and maintain upon all highways upon which such speed limit is set, adequate signs giving notice of such special regulations."

To summarize: Section 39–09–01 makes it unlawful to drive at a speed which is unsafe; Section 39–09–02 sets forth the rates of speed which in different places and circumstances shall be presumably lawful; it provides that it shall be unlawful to drive at a speed which is unsafe or in excess of 65 miles an hour and that any speed in excess of that which is presumably lawful shall be prima facie unlawful; Section 39–07–04 provides that local au-

thorities may not alter the state speed limitations except as authorized by Sections 39–09–03 and 39–07–03; Section 39–09–03 authorizes local authorities to set speed limitations greater or less than those provided for by state law; Section 39–07–03 is not applicable in this case.

The State of North Dakota therefore had no absolute speed limit for passenger cars under the maximum limit of 65 miles an hour. Below the maximum limit it is only unlawful to drive at a speed which is unsafe. Certain speeds are set forth as presumptively lawful but if such presumptively lawful speeds are proved to be unsafe they are unlawful. Likewise prima facie unlawful speeds which are established as safe are lawful.

It was the trial judge's view that cities, under the provisions of Section 39–09–03, might enact ordinances providing for higher or lower speeds than those set by state law which should be prima facie unlawful, within different areas of the city, but that cities had no power to provide an absolute speed limit below 65 miles an hour, the absolute limit set by state law. In his memorandum opinion the trial judge stated:

"The Ordinance of the City of Minot cannot be construed to prescribe absolute speed limits, for the reason that an absolute limit less than that prescribed by Section 39–09–02, as amended, would have the effect of altering the absolute limit prescribed by such statute. As pointed out above, this is a result which Section 39–07–04 expressly forbids. Accordingly, the City of Minot cannot impose a speed regulation more stringent than that prescribed by the statute (Sec. 39–09–02)."

We cannot agree with the trial judge. Section 39–07–04, it is true, prohibits any change in state speed regulations except as authorized by Section 39–09–03. Section 39–09–03, however, apparently gives unlimited power to local authorities to alter the limitations fixed by statute. It states that "Local authorities in their respective jurisdictions may set speed limitations greater or less than those provided by Section 39–09–02." While it appears that the policy of state law is to make safety the test of lawfulness in ordinary cases the statute, nevertheless, recognizes that at some place an absolute limit should be set. The absolute limit set by statute has no more legal force or authority than the prima facie limits set by the same statute. The absolute limit of 65 miles an hour is also one of the limits prescribed by Section 39–09–02 which local authorities are empowered to modify within their respective jurisdictions.

The record, however, discloses that, subsequent to the enactment of the ordinance of June 27, 1959, the City of Minot did not post the particular zone, in which defendant was driving at the time of the alleged speeding, to conform to the speed limit fixed in that zone. There were some old signs which indicated that the speed limit was 20 miles an hour rather than 30 miles an hour as fixed by the ordinance. Section 39–09–03, NDCC, provides that when local authorities set speed limits which vary from those fixed by state statute, they "shall place and maintain upon all highways upon which such speed limit is set, adequate signs giving notice of such special regulations." An ordinance, altering state speed limits within a city, does not become effective until such limits are posted.

The fact that there were some old signs posted which indicated lower speed limit is not material, because the ordinance under which defendant was charged was not in effect at the time and place of his alleged speeding.

The judgment of dismissal entered in this action is therefore affirmed.

SATHRE, C. J., and TEIGEN, STRUTZ and MORRIS, JJ., concur.